UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**CENTURIA, INC.,**

    Plaintiff,

vs.                                                Case No.: 8:11-MC-125-T-33EAJ

**REGIMENT SECURITY, LLC, et al.,**

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Before the court are Donna Smith's **Motion for Attorney's Fees for Objecting to Non-party Subpoena** (Dkt. 3) and Centuria, Inc.'s **Response** (Dkt. 4).[1] For the reasons explained below, the undersigned recommends that the motion be denied.

A party issuing a subpoena must take reasonable steps to avoid imposing an undue burden or expense on a person subject to the subpoena. Fed. R. Civ. P. 45(c)(1). A court may impose an appropriate sanction, including reasonable attorney's fees, on a party that places an undue burden or expense on the person served with the subpoena. Id.

Donna Smith is the director and president of All Pro Legal Investigations, P.A. ("All Pro Legal"), a competitor of Centuria. Centuria served Smith with a subpoena duces tecum seeking documents in connection with a case pending in the United States District Court for the Northern District of Texas. Neither Smith nor All Pro Legal are parties to the Texas action. The subpoena required smith to produce certain documents within fourteen days.

On December 1, 2011, Smith filed a motion to quash the subpoena arguing, inter alia, that

---

[1] The District Judge referred the motion to the undersigned for a report and recommendation (Dkt. 6).

the subpoena: (1) was improperly served; (2) did not allow a reasonable time to comply; (3) sought documents containing trade secrets; and (4) sought documents protected by the attorney-client privilege.  After Smith filed a motion to quash, Centuria withdrew the subpoena, and the court denied Smith's motion to quash as moot.

Smith contends that the burden imposed by the subpoena was unreasonable and seeks an award of $1,237.50 in attorney's fees for time spent moving to quash the subpoena.  Smith argues that the subpoena failed to allow a reasonable time to comply because of delays caused by improper service and because the compliance deadline fell on the Monday after the Thanksgiving holiday.  However, Smith does not indicate that the production sought was voluminous nor does Smith demonstrate that compliance with the subpoena would have subjected her to an undue burden or expense.

Also, exhibits attached to Centuria's response indicate that after serving the subpoena, it took steps to avoid subjecting Smith to an undue burden.  Prior to the compliance deadline, and in response to an email from Smith, counsel for Centuria requested contact information for Smith's attorney so that the parties could discuss whether an extension of time was necessary for compliance with the subpoena (Dkt. 4 Ex. 1).  And one day after the compliance deadline, but before Smith filed her motion to quash, Centuria's counsel attempted to contact Smith's attorney in an effort to resolve the matter without the court's intervention (Dkt. 4 Ex. 2).  Centuria's counsel did not receive a response from Smith or her attorney prior to Smith filing the motion to quash.

Smith has not shown that the subpoena subjected her to an undue burden or expense or that

Centuria failed to take reasonable steps to avoid subjecting Smith to such a burden.[2]  Accordingly, and upon consideration, it is **RECOMMENDED** that Smith's **Motion for Attorney's Fees for Objecting to Non-party Subpoena** (Dkt. 3) be **DENIED**.

**Date:   February 14, 2012**

ELIZABETH A JENKINS
United States Magistrate Judge

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of this service shall bar an aggrieved party from attacking the factual findings on appeal.  See 28 U.S.C. § 636(b)(1).

Copies to:
Counsel of Record
District Judge

---

[2] Centuria also argues that Smith's motion for attorney's fees should be denied for failure to comply with Local Rule 3.01(g), M.D. Fla.  However, it is clear that Centuria opposes the relief requested.  And the record indicates that the parties conferred after the motion was filed and were unable to resolve the matter (Dkt. 4 Ex. 3).